My calendar here appears. All the cases on this calendar will be argued except the first case, which is submitted on the briefs. And for the record, that's Prince versus Adams. So I think what we'll do is maybe shall we move that telephone case to the end of the calendar? Right. Right. OK. So the next case is going to be argued by a phone, at least by one council. So we're going to move that to the foot of the calendar or at some point after we're able to take a recess. So the first case to be argued at this time, then, is Leon versus Potter. Oh, yeah. You have him on the phone now or her on the phone. OK, that's fine. Then we'll proceed with Greer versus United States. This is Ms. Hinchcliffe. Is that correct? Yes, sir. My name is Hinchcliffe. OK. And then you're Miss Boone, right? From the U.S. attorney's office in Phoenix. Right. Right. OK. All right. Miss Hinchcliffe, the panel is here, as you know, consisting of Judge Hugg, Judge Fletcher, myself. You have 10 minutes and you can reserve time for rebuttal if you care. Go ahead. Thank you very much. And good morning. For the record, my name is Nancy Hinchcliffe and I'm an attorney from Phoenix, Arizona. And I represent appellant John Greer. And I do appreciate the opportunity to argue this matter by telephone. John Greer was convicted in the district court in Arizona. Louder. Pardon me. I'm speaking. She's speaking to the court. I want to raise the volume. Tell me when it's all right to proceed. Go ahead. We'll try it out. All right. Good. Does that sound sufficient? That's fine. All right. Thank you very much. As I said, and as you are aware, Mr. Greer was convicted in the district court of Arizona. He appealed his conviction to the Ninth Circuit. The appeal was the conviction and sentence was was affirmed. He then took a petition for review to the United States Supreme Court and an important date on February 28th of the year 2000, the petition for review was denied. Later on, he decided that he wanted to file a petition, actually a motion to vacate, set aside or correct his sentence. And he did so on September 13th, 2001. A noteworthy date. This petition was later denied and dismissed for the reason that it was untimely filed in the opinion of the district court because the one year statute of limitation had expired and therefore it was not, in fact, timely filed. There are three things that I would like the court to pay attention to. And those matters do appear on page six of the defendant's opening brief. And those are the three judgments, if you will. Actually, there's two judgments and an oral rendition and a written rendition of one of the judgments. The first judgment that was entered, it's one judgment, it was a sentencing judgment that was entered on November 9th, 1999. Appeared in writing as set forth on page six. It indicates that Mr. Greer would be committed to the custody of the Bureau of Prisons for a term of 16 months on each of counts one and two to be served concurrently. And that eight months of this would be served as a matter of home arrest at the direction of the probation officer. The transcript of the proceeding reads somewhat differently and it too appears on page six. It's the judgment of this court that you be sentenced to the Bureau of Prisons for a term of eight months and upon release that you serve an additional term of home arrest for an additional eight months. It will be up to the probation officer to determine whether you should do that with or without electronic monitoring. Then, somewhat surprisingly, at a later date, specifically we're talking about September 18th, 2000, the district court, without hearing and without representation of counsel, either counsel for defendant Greer or for the state, entered an amended judgment. Presumably it must have been the district court's assumption that this was just correcting a clerical mistake. Don't you think? Well, I think that that is correct. I think that. It was actually a request of the probation department, wasn't it? Well, the thing that tells us that that may in fact be true, as is indicated in the opening brief, is underneath the judgment, the amended judgment, there is an indication that it was done because the probation officer was requesting it. Well, doesn't that final written judgment correspond with what the oral judgment was? Your Honor, it's our position that it's not a mere clerical... No, no, that isn't my question. Doesn't it correspond with what the oral sentencing judgment was? No, I believe it does not. What's the difference? The difference is that the amended judgment changed the structure of the sentencing. Now, it's true that he's still looking at eight months of home arrest and eight months in terms of serving time in the Bureau of Prisons, but the eight months home arrest was made a part of the condition of supervised release. Counsel, doesn't this actually benefit your client because the period of supervised release would be shorter under this new regime? Well, typically the answer to that would be yes. Of course, there are some people that might, for whatever reason, decide to serve the time in a different way. But I don't think that's the real issue here. Whether or not he was happy with what the judge did is not the issue. Ms. Hinchcliffe, I don't think you really answered Judge Hugg's question. His question was, isn't the amended judgment that was entered on September 18 the same as the oral judgment that was pronounced at the hearing on November 9? Well, it is my belief that what it does is the original judgment that was entered is a judgment that indicates that... We're not asking you about that. We're asking you about the oral pronouncement of judgment. That's what I'm trying to speak to, Your Honor. It's my belief that the original oral pronouncement of judgment indicated that it would be subject to the Bureau of Prisons and the subsequent amended judgment does not. What do you mean by subject to the Bureau of Prisons? Well, if we look at the... It says you'd be sentenced to the Bureau of Prisons for a term of eight months, which is what the amended judgment says. Well, but the rest of it says that this term consists of, let's see, it says, and upon release, that you serve an additional term of home arrest for an additional eight months. And then it says that the probation officer should determine whether or not electronic monitoring was appropriate. From which you would assume that the eight months of home arrest is under the jurisdiction of the probation officer, not the Bureau of Prisons, right? Which is what the amended judgment says. Well, not necessarily. Do I understand that what you really want is that they're eight months in prison, eight months in home arrest, and another three years of supervised release? Is that what you're after? No. Well, what is it? What I am saying is that the subsequent amended judgment changed the structure of the sentence. When you say the sentence, are you referring to the oral sentence or the written judgment? Yes. Clearly, the written judgment says 16 months in the Bureau of Prisons. What do you think is the correct judgment? I think the correct judgment, and I think what was probably intended... Which is what? I think the eight months in the Bureau of Prisons and then eight months to be served as home confinement. As a condition of probation? No, not as a condition of probation. He was not placed on probation. I mean as a condition of release. As a condition of release. Because otherwise, as Judge Huck said, you'd have to add the release on to the term after that home arrest is finished, right? Yes. Well, I suppose your real point is that you want him to be able to appeal the substance of his conviction. So you're looking to try to decide what is or what is not a final judgment. Is that not correct? That's the whole issue here is whether or not this is a... The issue is whether this is a clerical mistake that was made and the judge is simply coming in on his own and trying to correct the clerical mistake versus whether there's something substantive about what the judge was doing that would then allow Mr. Greer to file his subsequent 2255 in a timely fashion. Well, I understand that. But what I'm trying to get at, what is the substance of it? What is it that you would want the sentence to reflect once you are able to condense it? Well, first of all, Mr. Greer isn't challenging the specific sentence that he got. He's challenging his conviction. Is that right? Yes. He's challenging the conviction because basically ineffective assistance claims against his attorney for reasons that have nothing to do... He's not unhappy with the sentence that he received from the court. He's not trying to argue, I should have gotten eight months here, eight months there. That's not what he's trying to challenge. The only significance of whether or not this amended judgment is substantive versus clerical in nature is in terms of does it in fact trigger the statute of limitations. Because if it does not, then in fact the court was correct and his petition was untimely. All right. Your time is just about up. But we'll hear from the government and we'll give you a minute for rebuttal. All right? All right. Thank you very much. Good morning. May it please the Court, Linda Boone on behalf of the United States. Although this court has not decided the issue that's directly before it today, this court has already held in United States v. Colvin that the key inquiry in a finality question is whether the district court's entry of the amended judgment could have been appealed. The government finds no basis for the defendant to appeal the amended judgment in this case. The judgment and conviction and sentence have been affirmed in all respects. There was no remand from this court. There were no discretionary issues as in Colvin for the district court to decide. And a petition for certiorari from the Supreme Court had already been denied. There was nothing to be done in this case except the execution of the sentence. In this case But the two sentences are materially different. Two sentences are referring to the written judgment. Absolutely, Your Honor. However, looking at the language, there's no question that the oral pronouncement of the sentence is the valid lawful sentence. It's a little bit ambiguous, though, isn't it, counsel? Your Honor, the government does not believe it was ambiguous because the court specifically said and used these words, you are committed to the Bureau of Prisons for a term of eight months. And upon release, you shall serve your eight months' house arrest. The amended judgment was clearly wrong. It did not match the oral pronouncement. It included the language about the eight months and the eight months, but it said that the defendant should be committed to the Bureau of Prisons for 16 months. Are you saying the amended judgment? I'm sorry. Yeah. Written judgment. The original written judgment. I apologize, Your Honor. The amended judgment simply corrected the language of the written judgment to match the oral pronouncement of the sentence. And the government would also submit that the fact that there was no appeal of the sentence and no appeal of the amended judgment is also probative of the defendant's perception of the sentence. He knew and counsel knew that he was expected to serve eight months in the Bureau of Prisons from the oral pronouncement and eight months in house arrest. The amended judgment was simply a clerical correction. Whoever did it did not understand that the eight months' house arrest had to be separate. That was not part of being committed to the Bureau of Prisons and was not what the district court had pronounced as the sentence. Rule 36 allows correction of clerical errors at any time. Furthermore, there was absolutely no sentencing issue on appeal or raised in the 2255. The reason that I think there is an ambiguity in the transcript says you shall serve an additional term. An additional term, Your Honor, of? Home arrest. Home arrest. But that is a separate term. I don't believe that an additional term is ambiguous. Well, I think that's why the original judgment that was written. The original written judgment. The written original judgment was 16 months because somebody read this and said an additional term. So that's where I think the confusion and the ambiguity comes in. But that doesn't quite answer the question of what we do finally about it. Well, Your Honor, on that issue, I would go back again to the fact that the sentence was not the subject of appeal. I understand that. And actually, when they did the corrected sentence, it was in his favor. Absolutely, Your Honor. To his substantial benefit so that there was no judgment, that he was not sentenced to 16 months in the Bureau of Prisons. I would also submit, although counsel did not argue this, that there were no grounds for equitable tolling and that that issue should be waived. But defendant's strongest argument on the equitable tolling question, as found by the magistrate judge in district court in this case, was that the defendant claimed he was relying on advice of counsel. But if the court would refer to the letters at ER 65 and ER 70, it is clear that the advice of counsel was not sought nor received until a year had already passed from the denial of certiorari in this case. And so, therefore, he was not. When was he told that he could only have partial transcripts paid for? That wasn't until March 28, 01, Your Honor. And that was after the year had passed? After the year had passed, yes, Your Honor. February of 2000 was when the petition for cert was denied by the Supreme Court. The government would submit, therefore, that the district court was absolutely correct in properly ruling that defendant's conviction was final on February 28, 2000. That there was no extraordinary circumstances for which equitable tolling should be justified. And that the amended judgment of September 18th was only a correction of clerical error and the district court order should be affirmed. Is home arrest normally a part of supervised release? Yes, Your Honor. That's why you're saying it's clerical error. To clarify what the effect of the home arrest was with regard to that three years of supervised release. It really clarifies who's responsible for supervising the home arrest, right? Yes, Your Honor. The probation department or the Bureau of Prisons. Absolutely. And also, I believe the district court was trying to say that in his oral pronouncement that the probation officer would determine if it would be monitored by electronic monitoring or not. And it was just that the original written J&C, whoever prepared it, did not quite understand that the house arrest term is a term of supervised release. Okay. Do you have any other questions? Yeah, I was just curious. I was following the timeline of this and was wondering, thus far, no sentence has been served, I gather, huh? No, he is serving his sentence, Your Honor. He is? Yes. He turned himself in. He was ordered to self-surrender, I believe it was September the 5th. Yeah. And he did self-surrender. Yes, Your Honor. So he did self-surrender and he was? And he served his term. Served the eight months. Yes, Your Honor. Okay. And then what has happened? During the time that he was serving his imprisonment, he filed the 2255, but he still was serving his time. So he hasn't served the eight months of home arrest. No, yes, he did, Your Honor. He has? Yes, Your Honor. So now we're? It's supervised release. Right, okay. All right, thanks. You're welcome, Your Honor. Any other questions? No. Thank you, Ms. Boone. Thank you. All right. Ms. Hinchcliffe, you have an opportunity for a brief rebuttal, if you'd like. Yes, thank you. If the sentence is ambiguous, if the difference between the original sentence, and again, I'm speaking of the oral pronouncement, the transcript we have of what was presumably actually said by the court, and if the difference between that and the difference between the original, the written judgment that was offered in this case, and the amended judgment, if there's an ambiguity involved in this, then the transcript of the proceeding is not necessarily control over the written judgment that was entered in the case. And as a result, because there's an ambiguity, it's our position that there was a substantive change in what occurred. And as a result of that, his judgment was not final. The judgment was not final in this case until the amended judgment was entered. And if so, this petition was timely filed. One other brief thing, equitable tolling. Equitable tolling might have been an issue that we would have preferred to argue in this case. But in light of the issue that was certified by the court for appealability in this case, which is whether the petition filed within a year of the filing of the amended judgment was timely filed, it was our belief, and the reason equitable tolling wasn't discussed in the opening brief, is because the court wasn't certifying that particular issue for an appeal. Well, counsel, I guess that's water over the dam. But my sense is that when you're seeking equitable tolling, it is encompassed within whether it was timely or not, and that could have been argued. Well. As I say, that's water over the dam. It is, and I can just say this. And when I saw the issue as it was framed, I considered whether it included the notion of equitable tolling. And I believe, because it is phrased the way it is, that the court was not interested in hearing from that. Because, of course, what this seems to be saying is the key issue here is what's the effect of the amended judgment? Because otherwise the issue that should have been certified would have been was it timely filed. And if that issue had been certified, then indeed equitable tolling would have been a part of it. Well, regardless, I think we've heard your argument on whatever you have raised. Yes, and thank you very, very much. All right. We thank both counsel, then, and this case is submitted for decision. Thank you. Next on our calendar is. I'm just going to hang up. Yes. Is that permitted? All right. Thank you very much. Next on our calendar is Leon versus Potter, the postmaster general.
judges: Hug, B Fletcher, Tashima